IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC  20024, <br><br>    Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1400 Defense Pentagon <br> Washington, DC  20301-1400, <br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Judicial Watch, Inc. ("Judicial Watch" or "Plaintiff")  is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies, analyzes the

responses it receives, and disseminates its findings to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Defense is an agency of the U.S. Government and is headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 16, 2021, Plaintiff sent a FOIA request to the Office of the Secretary of Defense and Joint Staff ("OSD/JS"), a component of Defendant, via the OSD/JS Web Portal, seeking access to the following public records:

> 1. All emails sent between Secretary of Defense Lloyd Austin and email accounts ending in .gov and/or .mil containing the terms "Tucker Carlson" and/or "Fox News."
>
> 2. All emails sent between Chairman of the Joint Chiefs of Staff Gen. Mark Milley and email accounts ending in .gov and/or .mil containing the terms "Tucker Carlson" and/or "Fox News."
>
> 3. All emails sent between Vice Chairman of the Joint Chiefs of Staff Gen. John Hyten and email accounts ending in .gov and/or .mil containing the terms "Tucker Carlson" and/or "Fox News."

The timeframe of the request was identified as "March 1, 2021 to March 16, 2021."

6. The OSD/JS acknowledged receipt of the request on March 16, 2021 and advised Plaintiff that the request had been assigned Case Number 21-F-0702.

7. By letter dated March 17, 2021, OSD/JS informed Plaintiff that it was invoking FOIA's 10-day extension of time provision for "unusual circumstances."

8. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by April 27, 2021 at the latest.  Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court:  (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

- 4 -

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 5, 2021                                   Respectfully submitted,

*/s/ Paul J. Orfanedes*
PAUL J. ORFANEDES
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Fax:   (202) 646-5199
Email: porfanedes@judicialwatch.org

*Attorney for Plaintiff*